MOORE, Respondent, v. SCHNAUBER, Appellant.

(169 N. W. 234).

(File No. 4410. Opinion filed Nov. 4, 1918).

(1).   Appeals—Error—Personal Injuries—Hospital Services After Suit Begun, Checks In Payment, Checks, But Not Evidence of Service Stricken, Effect—Non-Specific Objection.

Where, in a suit for damages for personal injuries, checks, given for hospital, physicians', etc. expense, were stricken out

after it appeared that the services were performed after suit begun, **held,** that failure of trial court to also strike out the evidence of said services, was harmless error; the checks not having been seen by jury, since it will not be presumed that the jury disregarded the courts' statement that they were not to consider said disbursements, or that they allowed anything therefor; especially since appellant did not, in his objection, or his motion to strike, distinguish between the checks and said testimony.

(2).    **Appeals—Error—Damages For Personal, Injury—Amount of Recovery, Instruction for Excessive—Remission of Excess as Curing Error.**

Where plaintiff's claim of damages in a suit for personal injuries, was limited to $2500, and verdict was for $2800, court having instructed that plaintiff might recover not exceeding $2500 for the injuries, and not exceeding $600 for expenses of medical treatment and nurses; but certain checks amounting to $600 and covering said expenses having been stricken out on trial because such services were rendered after suit begun, **held,** plaintiff having remitted $300 from the verdict, said instruction as to the $600 item was non-prejudicial; it not being claimed that judgment is excessive, or that verdict is not supported by evidence.

Smith, J., not sitting.

Appeal from Circuit Court, Yankton County. HON. ROBERT B. TRIPP, Judge.

Action by Mary J. Moore, against Fred Schnauber, to recover damages for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*A. L. Wyman,* and *Bogue & Bogue,* for Appellant.
*Joseph Janousek,* for Respondent.

(1) To point one of the opinion, Respondent cited:

Mosteler v. Holborn, 20 S. D. 545; Anderson v. Hurley-Mason Co., 67 Wash. 342; 121 Pac. 815; Ann. Cas. 1913 D., 148; Feeney v. Long Island R. Co., N. Y. 5 L. R. A. 544.

POLLEY, J. This action was brought for the recovery of damages, in the sum of $2,500, sustained by plaintiff because of a collision by an automobile, driven by defendant, with a buggy, driven by the plaintiff. The jury returned a verdict for $2,800. Plaintiff remitted $300 of this amount, and judgment was entered for $2,500 and costs. From this judgment defendant appeals.

[1] It is first contended by appellant that the trial court erred to his prejudice in refusing to strike out certain testimony. Plaintiff in her complaint alleged injuries to her person, without specifying the amount of the damage caused thereby, and also alleged that she had expended the sum of $600 for hospital, physicians', and nurses' services, and asked judgment in the aggregate for $2,500. To prove the items of expense making up the $600, plaintiff offered in evidence certain checks that had been paid to a hospital in Chicago. Defendant objected to their admission on the ground that they were irrelevant, incompetent, and immaterial, because it did not appear that they had been paid for services rendered to plaintiff, nor that the ailment for which plaintiff had been treated was the result of the injury caused by appellant. The objection was overruled, but later on, and before the said checks had been read or shown to the jury, it appeared that the services for which the checks had been given had been rendered after the commencement of the action. The trial court thereupon stated, in the presence of the jury, that it was the duty of the court to tell the jury that they should not take into consideration any disbursements that had been made after the commencement of the action, and the checks were stricken out.

Appellant now complains because the court did not also strike out the testimony relative to the services rendered in the Chicago hospital. There may be a distinction between the checks as evidence and the testimony of the party who identified them and testified as to what they had been given for; but the jury had not seen the checks, and did not know the amount of them, and therefore could hardly have included them in their verdict. It is true the jury still knew the checks had been given, and still knew that services had been rendered; but, having been told that they were not to take any of these disbursements into consideration, it cannot be presumed that they disregarded the admonition of the court and and allowed anything for such disbursements. Moreover, appellant did not suggest in his objection, nor in his motion to strike, that he made a distinction between the checks and the testimony that had been given in connection therewith, and the court undoubtedly assumed that, in granting the motion, both the checks and the testimony had been fully withdrawn from the jury. If appellant was not satisfied with the manner in which the court

ruled on the motion, he should have called the court's attention to it at the time. He could not accept the ruling of the court as it was made and then predicate error upon it afterwards.

[2] The court, in instructing the jury upon the amount of damages that might be awarded, told them that:

"* * * You should take into consideration the physical pain and mental suffering undergone by her as a direct result of the alleged injury, * * * if such you find to be the case, not exceeding the sum of $2,500, the amount claimed on that account in this case. She would also be entitled to recover fair and reasonable expenses for disbursements on account of medical treatment and nursing, if any, not exceeding the amount claimed on that account, $600."

Appellant now contends that this instruction was misleading, and that the jury may have understood that they might allow plaintiff $600 for her disbursements in addition to $2,500 for her injuries. The instruction is awkwardly worded, but we fail to see how it injured the appellant. Under the pleadings and under the evidence the jury might have awarded plaintiff any sum up to $2,500 for her injuries, and, having been instructed that not to exceed $600 could be allowed for disbursements, it is self-evident that they allowed at least $2,200 for injuries. This they had a right to do and they had a right to allow enough for disbursements to bring the verdict up to $2,500, and the prejudice to appellant caused by returning a verdict for $2,800 was fully cured by the remission of the excess. It is not claimed that the judgment is excessive, or that the verdict is not supported by the evidence.

The judgment and order appealed from are affirmed.

Smith, J., not sitting.